Cornell Univ. v Patsalides (2025 NY Slip Op 00041)

Cornell Univ. v Patsalides

2025 NY Slip Op 00041

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 150487/21 Appeal No. 3413 Case No. 2023-02943 

[*1]Cornell University, Plaintiff-Respondent,
v
Athos Patsalides, M.D., Defendant-Appellant.

Levine & Blit, PLLC, New York (Russell S. Moriarty of counsel), for appellant.
Weill Cornell Medicine, Office of General Counsel, New York (Rachel E. Kramer of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered January 5, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss the second and fourth counterclaims, unanimously affirmed, without costs.
The second counterclaim failed to state a claim under Labor Law § 193. The supplemental incentive compensation (SIC) did not fit the statutory definition of wages since it was linked to the financial health of plaintiff's Department of Neurological Surgery and the performance of each eligible physician as measured by Net Patient Receipts (NPRs), i.e., revenue from the physician's patient clinical visits. The statutory definition of wages has been construed to exclude "certain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise" (Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223-224 [2000]). Incentive compensation or a bonus falls within the definition of wages when it is expressly linked to the employee's labor or services personally rendered, was earned or vested before the employee left the job, and its payment was guaranteed and non-discretionary as a term and condition of the employment (see Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16 [2012]). Here, the second counterclaim does not allege that the payment of a specific amount of SIC was guaranteed and non-discretionary as a term and condition of employment (see Barber v Deutsche Bank Sec., Inc., 103 AD3d 512, 514 [1st Dept 2013]), or that it was earned and vested.
The fourth counterclaim for retaliation in violation of Labor Law § 215(1)(a) was also properly dismissed because defendant alleged that he was no longer an employee at the time of the purported retaliation (see Vergara v Mission Capital Advisors, LLC, 200 AD3d 484, 485 [1st Dept 2021]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025